an ordinary settlement. You have factors here that go beyond an ordinary settlement. You have the absolute priority rule not applied. You have a structured dismissal, which I suppose is an offshoot of the absolute priority rule. So we don't just have simple four factors here. Your Honor, the Martin test alone is not the test for even an ordinary settlement. In Chapter 11, the true standard is Martin, but more importantly, the Supreme Court standard in TMT, Ferry, which is that the settlement be fair and equitable. The applicants, they leave that out of their brief. That is the central factor for any settlement in Chapter 11. And the Supreme Court in TMT, Trail, or Ferry said that the words fair and equitable mean adherence to the priority code. That was left out by the appellees because they can't be contentious. Was there a confirmable plan in TMT? That was a 1964 case. It was prior to the Third Circuit and elsewhere to 9019 settlements in bankruptcy routinely, including this Court. This Court applies that test plus the Martin factors. So you want an absolute rule then that a bankruptcy judge can never approve a settlement that doesn't adhere strictly to the priorities of Section 507? What a per se rule. The priorities have to be looked at. Looked at and adhered to are different. This bankruptcy judge looked at it, he referenced the force of the trustee's argument and said something is better than nothing. Because, and I want to back into challenging a premise that you articulated a minute ago, which is property was taken away from your that in fact there was no exit strategy for your clients where they would have gotten money. Because there's no confirmable plan, you don't challenge that. So then we're going to Chapter 7 liquidation, correct? Your Honor, if we go to Chapter 7 liquidation, we will find out. We will find out there whether there is enough property in the estate because property can be added to it. All right, but if we go to liquidation, now we've got 1.7 million in the estate at that time, correct? Yes. Okay, you've got CIT and SON with 53 million dollars in secured claims. So that 1.7, none of that's going to get to the drivers. There is a viable claim, an LBO claim against SON and CIT. That the bankruptcy judge made a finding of fact that a lawyer would have to have his head examined if he took that on a contingency. And moreover, I didn't see anything in the record that at the hearing you put forward a lawyer or two to get on the stand and testify, yes, I specialize in class actions and I do those on a contingency and I'd be happy to take this case. Why didn't you put forward any evidence of that? There needs to be an absolute rule that you cannot just wipe out someone's claim just because a judge or witness balances equities and say this may be a better outcome than that. So you would like us, I would imagine, here's one right over the plate for you, to adopt the Iridium rule, the rule of Iridium in the second CERCAC. That says that compliance with the priority scheme is the most important factor. Now, we're talking here pre-planned settlement here and in Iridium. That's different from a Rule 11. In a pre-planned settlement case in the context of Chapter 11, the most important factor and usually dispositive factor is compliance with, if it's fair and equitable and the district judge has to heavily, heavily, the fact that the proposed settlement of, that the bankruptcy court, I'm not, you can only vary in minor respects from the absolute priority rule. And that is the clear and certain rule of Iridium.